IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

DONNA L. KIDD,

    Plaintiff,

V.                                CIVIL ACTION NO. 2:04-0685

JO ANNE B. BARNHART,
Commissioner of Social Security,

    Defendant.

<u>MEMORANDUM OPINION AND JUDGMENT ORDER</u>

<u>I.  Introduction</u>

By Standing Order entered on May 20, 2002, and filed in this case on July 6, 2004, this matter was referred to United States Magistrate Judge R. Clarke VanDervort.  Pursuant to 28 U.S.C. § 636(b)(1)(B), the Standing Order directs Magistrate Judge VanDervort to submit proposed findings and recommendation concerning the disposition of this matter.  On June 10, 2005, Magistrate Judge VanDervort submitted his Proposed Findings and Recommendation.  He made the following recommendations: (1) that this court deny plaintiff's motion for judgment on the pleadings, (2) grant defendant's motion for judgment on the pleadings, (3) affirm the final decision of the Commissioner, and dismiss this matter from the court's docket.

In accordance with the provisions of 28 U.S.C. § 636(b), the parties were allotted ten days, plus three mailing days, in which to file any objections to Magistrate Judge VanDervort's Proposed Findings and Recommendation.  The failure of any party to file

objections within the appropriate time frame constitutes a waiver of such party's right to a de novo review by this court. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985). Moreover, this court need not conduct a de novo review when a plaintiff "makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982).

Plaintiff filed objections to the magistrate judge's Proposed Findings and Recommendation on June 21, 2005. Because plaintiff filed her objections timely, this court has conducted a de novo review of the record as to all of the objections. See 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings and recommendations to which objection is made."). For reasons explained herein, the court hereby (1) sustains plaintiff's objection, (2) reverses the findings and recommendation of the magistrate judge in part, (3) denies plaintiff's motion for judgment on the pleadings, (4) denies defendant's motion for judgment on the pleadings, (5) remands this matter to the Commissioner for consideration of newly presented evidence, and (6) removes this matter from the court's docket.

## II.  Standard of Review

2

When reviewing the determinations of the Commissioner, the issue before the court is whether the Commissioner's decision is supported by substantial evidence.  Blalock v. Richardson, 483 F.2d 773, 776 (4th Cir. 1973).  In addition, the court must determine whether the Commissioner's legal conclusions are correct.  See Myers v. Califano, 611 F.2d 980, 982 (4th Cir. 1980).  If the Commissioner's decision is supported by substantial evidence, then the court must accept the decision and affirm the Commissioner. Walker v. Harris, 642 F.2d 712, 714 (4th Cir. 1981).  The Commissioner must provide reasons to support its decision that are based on adequate evidence within the record.  Smith v. Califano, 592 F.2d 1235, 1236 (4th Cir. 1979).

The Court of Appeals for the Fourth Circuit has described substantial evidence as "evidence which a reasoning mind would accept as sufficient to support a particular conclusion."  Blalock, 483 F.2d at 776 (quoting Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966)).  Substantial evidence is not necessarily a preponderance of the evidence, but is more than a "mere scintilla." Id.  The court weighs four elements of proof in determining whether the Commissioner's decision is supported by substantial evidence: "(1) the objective medical facts; (2) the diagnoses and expert opinions of treating and examining physicians on subsidiary questions of fact; (3) subjective evidence of pain testified to by the claimant and corroborated by family and neighbors; (4) the

claimant's educational background, work history and present age."
Id.  The hearing officer is charged with sitting as the trier of
fact and resolving conflicts in the evidence.  Id. at 777.

### III.  Analysis

The plaintiff's only objection is that the Magistrate Judge
and the Appeals Council failed to properly consider new evidence.
See Doc. 16.  The plaintiff asserts that two pieces of evidence
were submitted to the appeals counsel that were not properly
considered.  See id. at 1.  Further, the plaintiff asserts that the
Magistrate Judge failed to consider this evidence as well.  See id.
at 1-3.[*]  The plaintiff submits that the two new pieces of evidence
that should have been considered are: (1) A Medical Source
Statement of Ability to Do Work-Related Activities (Mental) from
the plaintiff's treating physician and (2) a report from Dr. George
Zaldivar concerning a sleep study performed on the plaintiff.  See
Doc. No. 16, Attachments.

Courts must consider evidence if it is "(a) new, (b) material,
and (c) relates to the period on or before the date of the ALJ's
decision."  See Wilkins v. Secretary, Dept. Of Health and Human
Serv., 953 F.2d 93,95-96 (4th Cir. 1991).  Evidence is "new" if it

---

[*]   The court notes that the record from the appeals court does
not include the evidence the plaintiff submits is new.  The court also
notes that the plaintiff, although mentioning the evidence in a brief,
failed to provide it to the Magistrate Judge.  See Doc. No. 15 at 14.
The plaintiff has, however, submitted it to this court for review.  In
so doing, the plaintiff asserts that the evidence was sent to the
Appeals Council and includes the cover-letter purportedly attached to
that submission.  This court is uncertain as to why the evidence would
not be included in the record if it did in fact reach the Appeals
Council.  Nevertheless, it is presently before this court and it is
appropriate for consideration.

is not duplicative or cumulative.  See id. at 96 (4th Cir. 1991).
"Evidence is material if there is a reasonable possibility that the
new evidence would have changed the outcome."  Id.

The court first considers the Medical Source Statement.  The
evidence is new because it provides an assessment from the
plaintiff's treating physician that was not available at the time
of the hearing.  The evidence is also material.  In reviewing the
medical evidence, the Administrative Law Judge (ALJ) stated that
"[t]he medical records support some, but not all of the claimant's
allegations of limitations due to her symptoms.  I find that
claimant's testimony to be exaggerated."  See Tr. at 19.  This
court finds that the Medical Source Statement provides some
corroboration of the plaintiff's complaints relating to depression
and anxiety and may impact the ALJ's view of the plaintiff's
credibility.

Additionally, the ALJ rejected a mental health report from a
non-treating source because it was inconsistent with all of the
reports from the treating physicians.  Specifically, the ALJ
stated, "Ms. Kelly found significant limitations based upon
claimant's emotional complaints and symptoms . . . .  I reject the
conclusions found in Ms. Kelly's report as they are inconsistent
with all reports from claimant's treating physicians."  See Tr.
at 19.  The new report submitted by the plaintiff takes a more dim
view of plaintiff's mental condition and is from a treating source.
Compare Tr. 363-64 (evaluating plaintiff's abilities to be poor in
three areas and fair in eight areas out of twenty-two) with Doc.
No. 16, Attachment (evaluating plaintiff's abilities to be poor in

5

six areas and fair in ten areas out of twenty-two).  Thus the
report from the treating physician is consistent with the report
from the non-treating physician that the ALJ rejected.  Having this
report may, therefore, result in the ALJ viewing the non-treating
physician's report differently, resulting in a different outcome.
Accordingly, the evidence is material.

The remaining question in regard to the Medical Source
Statement is whether it relates to the proper time period.  The
court notes that the Medical Source Statement is dated January 16,
2004, and the ALJ's decision was entered November 22, 2003.
Nevertheless, this court finds that the evidence, coming on the
heels of the ALJ's decision and from a treating source, could
illuminate the severity of the plaintiff's condition during the
relevant time period.  See Lisa v. Secretary of Dept. Of Health and
Human Serv., 940 F.2d 40, 44 (2d Cir. 1991) ("[W]e have determined
that when . . . a diagnosis emerges after the close of
administrative proceedings that 'sheds considerable new light on
the seriousness of [a claimant's] condition,' evidence of that
diagnosis is material and justifies remand." (citations omitted).
Accordingly, this court finds that the Medical Source Statement is
evidence that should be considered in evaluating the plaintiff's
claim for benefits.  The court sustains plaintiff's objection
insofar as it relates to the Medical Source Statement.

The other piece of evidence the plaintiff submits should have
been considered is a sleep study performed after the ALJ's
decision.  See Doc. No. 16.  This study was performed in February
and March of 2004, several months after the ALJ's decision.  See

6

id. at attachment.  The study relates to a diagnosis of sleep apnea
and fatigue.  Id.  The court notes that the plaintiff's claim for
benefits asserted disability from arthritis, diabetes mellitus,
hypertension, a thyroid condition, reflux disorder, and depression.
See Tr. at 15.  The evidence relates to a condition that was newly
diagnosed and not before the ALJ.  Thus, it is not material or
pertinent to the relevant time period.  See Kapusta v. Sullivan,
900 F.2d 94, 97 (7th Cir. 1989) (stating that the remedy for a
report that does not address a condition before the Social Security
Administration is to file a new application and not to remand for
consideration of the new evidence).  Accordingly, the court finds
that it was not error for the Appeals Council to fail to consider
this evidence.  The court overrules plaintiff's objection insofar
as it related to the sleep study.

For the reasons set forth above, the court SUSTAINS IN PART
and OVERRULES IN PART plaintiff's objection to the Magistrate
Judge's Proposed Findings and Recommendation.  Accordingly, the
court **ORDERS** as follows:

1.   Plaintiff's motion for summary judgment (Doc. No. 9) is
     **DENIED**;

2.   Defendant's motion for judgment on the pleadings (Doc.
     No. 13) is **DENIED;**

3.   The final decision of the Commissioner is **REVERSED**;

4.   This matter is **REMANDED** to the Commissioner for
     consideration of the Medical Source Statement and further
     development of the record as the Commissioner deems
     necessary to properly place this evidence in context.

7

5.   This case is **DISMISSED** from the court's active docket.

The Clerk is directed to forward a copy of this Order to Magistrate Judge VanDervort and to forward certified copies to counsel of record.

**IT IS SO ORDERED** this 16th day of September, 2005.

ENTER:

David A. Faber
Chief Judge

8